IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL A. BENNETT,** | Civ. No. 1:09-00500 |
| Plaintiff | |
| v. | |
| **BRUCE K. BARCLAY,** | (J. Rambo) |
| Defendant | |

**M E M O R A N D U M**

Before the court is Defendant Bruce K. Barclay's motion to dismiss, (Doc. 12), for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The motion has been briefed and is ripe for disposition. For the reasons that follow, the motion will be denied.

I. **Background**

   A. **Facts**

This case arises out of Defendant's alleged voyeuristic tendencies which led to his capturing, on video, sex acts between Plaintiff and his then boyfriend, a roommate of Defendant. (Compl. ¶¶ 7-10.) Plaintiff claims he had no knowledge of the videotaping and only became aware that such tapes existed when he was later contacted by the Pennsylvania State Police. (*Id.* ¶ 13.) Plaintiff alleges he was injured by these acts. (*Id.* ¶ 18.)

Plaintiff's complaint contains only one count alleging a claim for common law invasion of privacy. The current issue before the court is whether the

court has subject matter jurisdiction, based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.. There is no dispute that the parties reside in different states: Plaintiff lives in New Jersey and Defendant lives in Pennsylvania. However, Defendant contends that Plaintiff has not properly alleged that he suffered more than $75,000 worth of damages, a requirement for federal court jurisdiction based on diversity of the parties.

### B. Procedural History

Plaintiff filed his complaint on March 17, 2009. (Doc. 1.) On June 29, 2009, Defendant filed his motion to dismiss (Doc. 12) based on lack of subject-matter jurisdiction, and brief in support (Doc. 13). Plaintiff filed a brief in opposition on July 10, 2009. (Doc. 14.) No additional briefing has been submitted.

## II.  Discussion

Plaintiff brought this state law claim in federal court under this court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. To successfully bring a claim under this statute, a plaintiff must show both diversity of citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. In this case, Defendant does not dispute that the parties are of diverse citizenship, but instead claims that Plaintiff has not sufficiently pled an amount in controversy that exceeds $75,000.

"When deciding a motion to dismiss pursuant to [Federal Rule of Civil Procedure 12(b)(1)] on an allegation that the amount in controversy does not meet the jurisdictional minimum, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Krauss v. Steelmaster Buildings, LLC.*, 2006 WL

2

3097767, at *1 (E.D. Pa. 2006) (*quoting St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)) (internal citations omitted). To dismiss a complaint under this Rule, it must appear to a "legal certainty [that] dismissal is the appropriate course due to an insufficient amount in controversy." *Chrestman v. NHB, LLC.*, 2007 WL 1575202, at *1 (E.D. Pa. 2007) (*referencing Red Cab, supra*).

When determining if a plaintiff has sufficiently pled the statutorily required amount of $75,000, courts are allowed to consider both compensatory and punitive damages if such damages are available under state law. *Golden ex rel. v. Golden*, 382 F.2d 348, 355 (3d Cir. 2004) (*abrogated on other grounds*). Claims for punitive damages will be disregarded for satisfying the amount in controversy only if they are "patently frivolous and without foundation." *Id.* Under Pennsylvania law, to establish punitive damages in an invasion of privacy case, a plaintiff must show "that the defendant's acts amounted to intentional, willful, wanton or reckless conduct." *Doe v. Wyoming Valley Health Care Sys., Inc.*, — A.2d —, 2009 WL 4896241, at 7 (Pa. Super. Ct. 2009) (*quoting Phillips v. Cricket Lighters*, 584 Pa. 179 (2005). The amount of punitive damages will vary depending on the nature of the defendant's behavior. *Hayfield v. Home Depot U.S.A., Inc.*, 168 F. Supp. 2d 436, 458 (E.D. Pa. 2001). The function of punitive damages in Pennsylvania is "to deter and punish egregious behavior." *Id.* As such, they "need not bear a reasonable relationship to the value of compensatory damages." *Id.* In rare instances an excessive amount of punitive damages will be denied if they "shock the conscience of the court," but this is an exception to the general rule that punitive damages are designed to deter unwanted conduct. *Id.*

In the present case, Plaintiff has alleged he was harmed by Defendant's actions and that his damages are in excess of $75,000. There is nothing to indicate that Plaintiff has made his claim in bad faith, nor does Defendant argue this. In addition, Defendant cites to no authority to indicate to a "legal certainty" that Plaintiff cannot establish injury in excess of $75,000. Furthermore, the complaint sufficiently alleges that Defendant acted willfully when he videotaped Plaintiff engaged in various stages of sexual activity and, at this stage of the proceedings, the court is not in a position to say that the sum of $75,000 shocks the conscience based upon the allegations in the complaint. For purposes of surviving a motion to dismiss the court finds that Plaintiff has alleged damages in excess of $75,000 in good faith.

**III.** **Conclusion**

For the reasons mentioned above, Plaintiff has sufficiently pled an amount in controversy in excess of $75,000 and, therefore, this court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. An appropriate order will issue.

                                                       s/Sylvia H. Rambo
                                                  United States District Judge

Dated: January 28, 2010.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL A. BENNETT, | : | Civ. No. 1:09-00500 |
| Plaintiff | : | |
| v. | : | |
| BRUCE K. BARCLAY, | : | (J. Rambo) |
| Defendant | : | |

## O R D E R

In accordance with the attached memorandum, **IT IS HEREBY ORDERED THAT**, Defendant's motion to dismiss, (Doc. 12), is **DENIED**.

                                                                     s/Sylvia H. Rambo
                                                            United States District Judge

Dated: January 28, 2010.